DANIEL G. BOGDEN
United States Attorney
District of Nevada

MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: Michael.humphreys@usdoj.gov

*Attorneys for the United States of America.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:11-CR-434-LDG-(PAL) |
| EDUARD PETROIU, et. al., | ) | |
| Defendant. | ) | |

**UNITED STATES' UNCONTESTED MOTION TO CONDUCT CIVIL DISCOVERY UNDER FED. RULE OF CRIMINAL PROCEURE 32.2**

**BACKGROUND**

The United States of America by and through Daniel G. Bogden, United States Attorney for the District of Nevada and Michael A. Humphreys, Assistant United States Attorney, respectfully moves this Court to permit the United States to conduct civil discovery in the above-captioned case as authorized by Fed. R. Crim. P., 32.2 (b)(3). Such discovery is necessary because the United

States has been served with a third-party claim by Mariya Yunkerova-Nedyalkova and Atanas Nedyalkova asserting their joint interest in a parcel of real property that has been preliminarily forfeited by this Court.

This criminal prosecution began with the indictment of Eduard Petroiu and several other conspirators for committing and wire fraud and money laundering conspiracy as it relates to an internet scam where the defendants were representing to internet customers that they (the defendants) had cars to sell that, in fact, did not belong to the defendants. The defendants did not deliver a single car to the hundreds of customers that they scammed. On December 13, 2011, sixteen defendants were indicted on separate counts of wire fraud, wire fraud conspiracy and money laundering conspiracy. Delyana Nedyalkova was one of those indicted defendants.

All of the defendants have pled guilty and on November 26, 2013, this Court entered a preliminary order of forfeiture as it relates to several items of real and personal property that were contained in the forfeiture allegation of the indictment. The only parcel of real property listed in that preliminary order of forfeiture is described as a residence located at 4225 Dover Place, Las Vegas, Nevada.

Mariya and Atanas Nedyalkova have filed a joint claim to the Dover Place residence stating that they are innocent owners and that the house was purchased with legitimate proceeds. Despite their claim of innocence, the property was jointly-titled in the name of Mariya Nedyalkova and Vladimir Budestean, which raises questions about whether proceeds of the wire fraud and money laundering conspiracy were used to purchase the property since Budestean was one of the principal defendants in the conspiracy, discussed above, who pled guilty.

**DISCOVERY REQUEST**

Rule 32.2(b)(3), Federal Rules of Criminal Procedure, authorizes the Government, upon the entry of a preliminary order of forfeiture, and based on motion of the Government, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. *See United States v. Moffitt, Zwerling & Kemler*, 83 F.3d 660,

670-71 (4th Cir. 1996) (the Government may recover property traceable to forfeitable property transferred to third party, and may conduct discovery to locate and identify such traceable property), 875 F. Supp. 1152 (E.D. Va. 1995) (*Moffitt III*) (affirmed in part and reversed in part); *United States v. Saccoccia*, 354 F.3d 9, 13 (1st Cir. 2003) (the Government may use its post-conviction discovery powers to trace what became of the forfeitable property transferred by the defendant to a third party, and may forfeit that property or anything traceable to it); *United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Bank of California International)*, 980 F. Supp. 522, 524 (D.D.C. 1997) (the preliminary order may be amended as often as necessary to include additional property subject to forfeiture that the Government may identify through post-trial discovery). Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); 28 U.S.C. §2461(c) (making Section 853 applicable to all criminal forfeiture cases). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a non-party under Rules 34(c) and 45.

      The government expects, through the deposition of witnesses and the demand for and examination of documents to determine who has an interest in the Dover Place residence, and the source of the funds used to purchase the property, which is relevant in light of the fact that one of the named title-holders, Vladimir Budestean is one of the defendants who pled guilty to the fraud. Additionally, another defendant/conspirator, Delyana Nedyalkova, is the spouse (or former spouse) of the defendant Vladimir Budestean and is the daughter of the other titled owner to the property, Mariya Nedyalkova.

      On September 19, 2014, undersigned counsel for the Government discussed the matter of this motion with Claimant's counsel, Boris Avramski, and he has stated that he has no objection to his motion.

. . .

. . .

For the foregoing reasons, the United States respectfully requests that this Court grant its motion to conduct discovery pursuant to the parameters of Federal Rule 26 of the Federal Rules of Civil Procedure.

WHEREFORE, the United States moves this Court to grant the parties 150 days to conduct discovery pursuant to the Federal Rules of Civil Procedure.

DATED this 22nd day of September 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/*s/Michael A. Humphreys*/
MICHAEL A. HUMPHREYS

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
DATED: 8 January 2015

4