1  DANIEL G. BOGDEN
United States Attorney
2  District of Nevada

3  MICHAEL A. HUMPHREYS
Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
5  Telephone: 702-388-6336
Facsimile: 702-388-6787
6  Email: Michael.humphreys@usdoj.gov

7  Attorneys for the United States of America

8

9

10                    **UNITED STATES DISTRICT COURT**

11                        **DISTRICT OF NEVADA**

12  UNITED STATES OF AMERICA,          )  Case No. 2:11-CR-434-LDG-(PAL)
                                       )
13            Plaintiff,               )
                                       )
14       v.                            )  STIPULATED MOTION TO CONTINUE
                                       )  DISCOVERY
15  EDUARD PETROIU, *et. al.,*         )
                                       )  (Third Request)
16            Defendants.              )
                                       )
17  _____)

18       COME NOW the parties and stipulate and jointly move this Court to continue the

19  discovery cut-off in the above-captioned case until February 28, 2017. The Government has

20  already engaged in extensive 'paper' discovery including propounding interrogatories and

21  requests for production of documents on the Claimants, which have been, more or less, answered

22  by the Claimants.

23       The principal issue in this litigation is whether the Claimants purchased a parcel of real

24  property located at 4225 Dover Place, Las Vegas, Nevada with legitimate assets or, as alleged by

25  the Government, were funds derived in whole or in part from fraudulent acts which were the

26  subject of the above-referenced criminal indictment. Several individuals were convicted and

sentenced, including Delyana Nedyalkova, the daughter of the Claimants, Atanas and Mariya Nedyalkova. Delyana Nedyalkova lived in the Dover Place residence with the Claimants during the relevant time period that criminal acts leading to ill-gotten gains were underway. Specifically, the Government alleges fraudulent proceeds were used to acquire the residence in whole or in part. The illicit funds were derived from a conspiracy involving all of the convicted defendants named in the indictment who were running an internet fraud scam; offering to sell cars, trucks, boats and other conveyances, which the conspirators did not own, to an unsuspecting public, the latter of which paid good and valuable consideration for the cars and/or trucks, etc., that they did not receive from the defendants.

A complete examination of the bank records that the claimants have provided so far suggest that they have/had unexplained wealth during the period in which the home was purchased. However, there are crucial gaps in the bank records that the Claimants have agreed to produce—or at least to request that the bank produce to them. For example, while the Claimants have turned over hundreds of pages of bank statements, for Bank of America account number xxxxxxxx5123 and xxxxxxxxx2236, for the months January 2009 through May 2010, they have not produced the deposit slips which are crucial to the overall financial analysis of the Claimants' alleged net worth. These records are particularly relevant because they were generated little more than a year before the Claimants purchased the subject home—and well within the time frame of criminality alleged within the indictment against the now-convicted defendants, including the Claimants' daughter, Delyana Nedyalkova. Counsel for the Government has discussed this matter with Claimants' counsel and he has agreed to produce those records.

Second, the Government continues to face logistical challenges in procuring the services of a Bulgarian interpreter/translator for the purpose of conducting the claimants' respective depositions. Neither of the claimants speak English as a first language. As such, they have requested, through their counsel, that the Government secure the services of a Bulgarian

1  interpreter/translator to assure the accuracy of the questions that they receive during their

2  respective depositions and the answers that they provide.

3      The Government has conducted an extensive search campaign in all of Nevada without

4  locating a Bulgarian interpreter who is either available or qualified.  Because of: 1) the language

5  barrier (and the resulting complication of each question going through a four-step cycle (i.e., a)

6  question in English; b) interpretation to Bulgarian; c) answer in Bulgarian; and d) interpretation

7  of Bulgarian to English; and 2) the extensive number of documents that will be offered as

8  deposition exhibits, it is expected that the depositions could last at least three to four days.

9  Initially, the Government had secured the services of a Bulgarian interpreter to travel from Los

10 Angeles to perform interpretation services at depositions initially scheduled to commence on

11 December 7, 2016.  Because of the unavailability of counsel for a straight four-day period, those

12 depositions if not concluded before Friday the 9th, would have to be extended to the following

13 Monday and/or Tuesday of December 12th and 13th. This would require the interpreter to return

14 home, to California, on Friday evening and return to Las Vegas on Monday at Government

15 expense or to stay the weekend in Las Vegas, also at Government expense.

16     For the sake of continuity and to reduce the costs of these depositions, the parties have

17 agreed to set them during a four-day sequential period where all parties and the interpreter can be

18 present without the need to fly the interpreter back and forth.  The parties have tentatively set the

19 depositions of both claimants to take place in mid-January which counsel have preliminarily

20 agreed are open to them both. (We are still awaiting confirmation of those dates from the

21 California agency providing the Bulgarian interpreter.)

22     Given the foregoing, the parties have agreed to request that this Court extend the

23 discovery cut-off deadline in this matter until February 28, 2017.

24     This motion is not submitted solely for the purpose of delay or for any other improper

25 purpose.

26 / / /

1      WHEREFORE, the parties move this Court to grant a continuance of the discovery cut-

2   off date until February 28, 2017, for the parties to complete discovery.

3      Dated this 5th day of December 2016.

4

5                                                                 Respectfully submitted,

6                                                                 DANIEL G. BOGDEN
                                                                  United States Attorney

7                                                                 /s/Michael A. Humphreys
                                                                  MICHAEL A. HUMPHREYS
8

9

10                                                                IT IS SO ORDERED:

11

12

13      _____
                                                                  UNITED STATES  DISTRICT        JUDGE
14                                                                LLOYD D. GEORGE
                                                                  DATED:                   January 2017
15

16

17

18

19

20

21

22

23

24

25

26

4