STEVEN W. MYHRE
Acting United States Attorney
Michael A. Humphreys
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6518
Facsimile: (702) 388-6787
Michael.humphreys@usdoj.gov
Counsel for the United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-CR-434-LDG-(PAL) |
| Plaintiff, | |
| v. | Stipulation and Settlement Agreement for Final Order of Forfeiture |
| EDUARD PETROIU, *et. al.*, | |
| Defendants. | |

The United States of America, as Plaintiff, and Atanas Nedyalkov and Mariya Nedyalkova (hereinafter collectively referred to as the Nedyalkovs) a married couple, as Petitioners to the real property (described herein below) in the above-captioned criminal forfeiture action as well as their counsel, Boris Avramski, stipulate and agree as follows:

## BACKGROUND

On October 16, 2012, a grand jury sitting in Las Vegas, Nevada, returned a four-count superseding indictment against Eduard Petroiu and several other individuals (named in the caption and described in the body of that superseding indictment, as docketed above) charging them with conspiring to defraud an unsuspecting public by selling cars and other conveyances over the internet that they (the defendants) did not own. Specifically, between 2008 and 2011, the co-defendants were engaged in a massive wire fraud conspiracy wherein the actors used phone lines and the internet to sell cars, trucks and other conveyances that they did not own.

Relying on the schemers' false promises, hundreds of unwitting buyer/victims sent money to the conspirators expecting to receive a car, or other type of conveyance, that was never delivered. Once targeted by law enforcement, the conspirators' fraud scheme came to a swift end, culminating in the conspirators' October 2012 indictment, referenced above. That superseding indictment also contained forfeiture allegations that sought the criminal forfeiture of, amongst other things, a residence located at 4225 Dover Place, Las Vegas.

Two of defendants in that case were Vladimir Budestean and Delyana Nedalkova, who were briefly married to each other. Delyana Nedyalkova's parents are Atanas and Mariya Nedyalkova, both of whom reside at a detached home located at 4225 Dover Place Las Vegas, Nevada. Through the forfeiture allegations contained in the superseding indictment, the Government sought the criminal forfeiture of the Dover Place residence on the ground that it was purchased, in whole or in part, with proceeds from the internet fraud scam. Atanas and Mariya Nedyalkova filed a petition challenging the forfeiture contending that they purchased the home with legitimate funds.

In successive months ALL of the seventeen defendants, including Delyana Nedyalkova, pled guilty and all have been sentenced. In their respective changes of plea, each of the defendants pled guilty to a felony offense that supported forfeiture.

This Court has entered a preliminary order of forfeiture that divests each and all of the convicted defendants of any right, title and/or interest in all of the assets identified and described in each forfeiture allegation of the superseding indictment. As such, each item of real and personal property specified in those forfeiture allegations, including the residence located at 4225 Dover Place, Las Vegas, Nevada 89107, has been deemed preliminarily forfeited to the United States, subject to the rights of third parties, who may have asserted an interest in one or more of those assets.

In that regard, pursuant to 21 U.S.C. § 853(n), the United States fulfilled its statutory obligation to notify all interested parties of any interest(s) that he/she/they/it might assert as to

any of the preliminarily-forfeited items. No person or entity came forward to file a petition, except for Atanas Nedyalkov and Mariya Nedyalkova. As noted above, the Nedalkovas, individually and collectively, filed a petition with this Court asserting their alleged legitimate interests in the residence located at 4225 Dover Place Las Vegas, Nevada 89107.

**TERMS OF AGREEMENT**

Based upon negotiations, wherein both parties (the United States and the Nedyalkovs) were represented by counsel, the parties stipulate and agree to resolve the interests that the Nedyalkovs may have in 4225 Dover Place, Las Vegas, Nevada 89107, under the following terms and conditions:

1. The **NEDYALKOVS** knowingly and voluntarily agree to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following parcel of real property: 4225 Dover Place Las Vegas, Nevada 89107.

2. The **NEDYALKOVS** knowingly and voluntarily agree to abandon or to forfeit the property to the United States.

3. The **NEDYALKOVS** knowingly and voluntarily agree to relinquish all right, title, and interest in the property.

4. The **NEDYALKOVS** knowingly and voluntarily agree to waive his and her individual and/or collective right(s) to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

5. The **NEDYALKOVS** knowingly and voluntarily agree to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

6. The **NEDYALKOVS** knowingly and voluntarily agree to waive any further notice to him and/or her, him and/or her agents, or his and/or her attorney(s) regarding the forfeiture and disposition of the property.

7. **The NEDYALKOVS** knowingly and voluntarily agree not to file any claim, answer, petition, or other documents in any proceedings concerning the real property identified herein, throughout, as 4225 Dover Place Las Vegas, Nevada 89107.

8. **The NEDYALKOVS** knowingly and voluntarily agree to withdraw any claims, answers, counterclaims, petitions, or other documents he and/or she filed in any proceedings concerning the property.

9. **The NEDYALKOVS** knowingly and voluntarily agree to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

10. **The NEDYALKOVS** knowingly and voluntarily agree to waive his and/or her right(s) to a trial on the forfeiture of the property.

11. **The NEDYALKOVS** knowingly and voluntarily agree to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any proceedings concerning the property.

12. **The NEDYALKOVS** knowingly and voluntarily agree to the entry of an Order of Forfeiture of the property to the United States.

13. **The NEDYALKOVS** understand that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

14. **The NEDYALKOVS** knowingly and voluntarily agree to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to the **NEDYALKOVS** and Order (Stipulation).

15. **The NEDYALKOVS** knowingly and voluntarily agree to hold harmless the United States of America, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Federal Bureau of Investigation and/or any other federal, state and/or local investigative agency associated with the criminal investigation of the matters contained in the superseding indictment, including their agents, and their employees from any claim made by him and/or her or by any third party arising from the facts and circumstances of this case.

16. **The NEDYALKOVS** knowingly and voluntarily release and forever discharge the United States of America, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, of Justice, the Federal Bureau of Investigation and/or any other federal, state and/or local investigative agency associated with the criminal investigation of the matters contained in the superseding indictment including their agents, and their employees from any and all claims, rights, or causes of action of any kind that the **NEDYALKOVS** now have or may hereafter have on account of, or in any way growing out of, the allegations leading to the indictment of the real property in the superseding indictment and/or the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the subject real property.

17. The petitioners, the **NEDYALKOVS** hereby consent and agree to the entry of a final order of forfeiture consistent with the allegations contained in the superseding indictment consistent with the following terms and conditions.

18. The **NEDYALKOVS** agree to pay the United States the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000) in United States negotiable tender in the form of a cashier's check made payable to the United States Marshals Service, within thirty (30) days of the date that this Court approves and files the within settlement agreement.

19. The petitioners, the **NEDYALKOVS**, further agree that the $25,000 to be paid to the United States Marshals Service shall be forfeited to the United States in lieu of the defendant property, 4225 Dover Place Las Vegas, Nevada 89107, and that all right, title, and interest in the $25,000.00 shall vest, unencumbered, in the United States of America for disposition according to law.

20. Following entry of a final order of forfeiture, against the cashier's check in the amount of $25,000, referenced above, and after that check clears, the United States shall return the defendant real property to the defendant and/or file a release of the *lis pendens* as against 4225 Dover Place Las Vegas, Nevada within thirty days of the date that the Court afore-referenced check clears; thereby divesting the United States of any and all right, title and interest in that property as relates to the forfeiture allegations contained in the superseding indictment, hereinbefore referenced.

21. The Stipulation contains the entire agreement between the parties.

22. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

23. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his/her/their or its own attorneys' fees, expenses, interest, and costs.

26. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

STEVEN W. MYHRE
Acting United States Attorney

By: Michael A. Humphreys
Assistant United States Attorney

Dated: October 23, 2017

_____
Mariya Nedyalkova
Petitioner

Dated: October 23, 2017

_____
Atanas Nedyalkov
Petitioner

Dated: October 23, 2017

_____
Boris Avramski
Attorney for the Petitioners

Dated: October 23, 2017

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
LLOYD D. GEORGE
DATED: 24 October 2017

7